UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LOUIS EDWARD LUTZ, JR.,

                Plaintiff,                        **TRANSFER ORDER**

    -against-                                  07 CV 3280 (NGG) (LB)

THE PRESIDENT OF THE UNITED STATES
OF AMERICA; KELLOGG BROWN & ROOT,
INC.,

                Defendants.
-----------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        Plaintiff Louis Edward Lutz, Jr., formerly assigned to work in Iraq as a civilian truck driver, brings this *pro se* action against the President of the United States[1] and Kellogg Brown & Root, Inc. ("KBR"), his former employer. Plaintiff paid the statutory filing fee to commence this civil action.

        Pursuant to the venue provision governing federal question jurisdiction, this action must be filed in the judicial district where defendants reside or where a substantial part of the events or omissions giving rise to the claim occurred. See 28 U.S.C. §1391(b). Here, none of the events alleged occurred within the Eastern District of New York. Rather, defendant KBR is located in Houston, Texas and a substantial part of the events giving rise to the claims occurred at KBR orientation in Houston, Texas.

        Accordingly, this case is hereby transferred to the United States District Court for the Southern District of Texas. See 28 U.S.C. §§ 124(b) (Houston located in Southern District of Texas); 1406(a) (district court may transfer case filed in the wrong district to any district in which it could have been brought). The Court offers no opinion on the merits of this action. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five-day delay is waived. Summonses shall not issue from this Court.

        SO ORDERED.

                                                        LOIS BLOOM
                                                        United States Magistrate Judge

Dated: August 9, 2007
       Brooklyn, New York

---

[1] The Court notes that the President of the United States is absolutely immune from civil suits based on his official acts. See Nixon v. Fitzgerald, 457 U.S. 731 (1982) (recognizing "absolute Presidential immunity from damages liability for acts within the 'outer perimeter' of his official responsibility"); see also Clinton v. Jones, 520 U.S. 681, 694 (1997).